UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cr-158 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| STEPHANIE WELCH, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____ ) | |

    This was a prosecution for misdemeanor theft by a bank employee under 18 U.S.C. § 656. The prosecution arose from defendant's conversion of forty-seven American Express traveler's checks from Fifth Third Bank resulting in a loss to the bank of $3,600.00. At the time of the conversion, defendant was employed as a banking center manager. Although conversion of funds in this amount could be charged as a felony, the government chose to bring only a misdemeanor charge.

    At the outset of the prosecution, defendant and her appointed counsel consented in writing to the dispositive jurisdiction of a magistrate judge. (docket # 9). The consent included agreement to trial, judgment, and sentencing before a United States magistrate judge, in addition to a consent to the jurisdiction of "any magistrate judge over all further criminal or civil proceedings related to this prosecution," including, among other things, retrial, resentencing, and expungement. Defendant and her counsel appeared before me on August 30, 2005, for purposes of entering a guilty

plea to the misdemeanor charge. After the required Rule 11 plea colloquy, the court accepted the plea of guilty and ordered a presentence report.

Defendant was sentenced on November 15, 2005, to two years' probation, restitution in the amount of $3,600.00, a $1,000.00 fine and $25.00 special assessment. Defendant did not appeal. Her period of probation expired in November 2007, without incident.

Presently pending before the court is defendant's motion for expungement of her conviction and criminal record. (docket # 24). Defendant's *pro se* motion requests a "second chance" and the advantage of a "clean slate," unimpeded by her misdemeanor conviction. Defendant's motion recites several experiences in her life and requests expungement of her misdemeanor conviction to allow her to pursue employment opportunities unimpeded by a criminal record. Attached to the motion are three letters of recommendation by attorneys by whom defendant is employed.

Congress has not passed any statute granting the district courts general authority to expunge an otherwise valid criminal conviction. Congress has enacted narrow statutes authorizing expungement of specific types of convictions in certain situations. The principal statute in this regard is 18 U.S.C. § 3607(c), which applies only to misdemeanor convictions for simple possession of a controlled substance. This statute obviously does not empower the court to act in the present case. The federal courts have recognized an inherent expungement power to correct an injustice caused by an illegal or invalid criminal proceeding. As the Sixth Circuit has observed, "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through

government misconduct." *United States v. Robinson*, No. 94-1945, 1996 WL 107129, at * 2 (6th Cir. Mar. 8, 1996).

A number of federal appellate courts, however, have recently held that a district court does not have ancillary jurisdiction to consider a motion to expunge a criminal record based solely on equitable grounds. These decisions are based on *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), in which the Supreme Court markedly narrowed the concept of ancillary jurisdiction as exercised by the federal courts. Under *Kokkonen*, ancillary jurisdiction exists only (1) to permit disposition by a single court of claims that are, in varying respects, factually interdependent and (2) to enable a court to function successfully, manage its proceedings, and effectuate its decrees. *Kokkonen*, 511 U.S. at 379-80. The power to expunge a criminal conviction arises, if at all, under the second prong. All federal appellate courts that have squarely addressed the issue under *Kokkonen* have held that ancillary jurisdiction exists under *Kokkonen* only to expunge the record of an unlawful arrest or when necessary to ameliorate a clerical error, and not to grant relief on broad equitable grounds, such as to reward a defendant's rehabilitation or to remove impediments to employment. *See United States v. Coloian*, 480 F.3d 47, 51-52 (1st Cir. 2007); *United States v. Meyer*, 439 F.3d 855, 860 (8th Cir. 2006); *United States v. Dunegan*, 251 F.3d 477, 479-80 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). "Thus, *Kokkonen* forecloses any ancillary jurisdiction to order expungement based on [defendant's] proffered equitable reasons." *Coloian*, 480 F.3d at 52. Although the Sixth Circuit has not spoken on this issue, it is likely to follow the great weight of reasoned authority.

The cases decided before *Kokkonen* assumed the existence of ancillary jurisdiction to decide expungement motions, but imposed an exceedingly high standard, holding that

expungement is appropriate "only in extreme circumstances." *See, e.g., United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991). The reasons advanced by defendant in the present case are not remotely sufficient to constitute extreme circumstances. The vast majority of requests for expungement are based on precisely the same reason now advanced by Ms. Welch -- that the presence of a conviction will adversely affect the defendant's ability to advance in employment. The federal courts have uniformly held that such grounds do not constitute the extreme circumstances necessary for the exercise of equitable discretion to expunge a criminal record. *See, e.g., United States v. Janik*, 10 F.3d 470, 472-73 (7th Cir. 1993); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977); *United States v. Doe*, 36 F. Supp. 2d 143 (S.D.N.Y. 1999); *United States v. Fields*, 955 F. Supp. 284, 285 (S.D.N.Y. 1997). As one court has noted:

> Were this court to deem the collateral effects on [defendant's] opportunity to secure gainful employment sufficient to outweigh the government's interest in maintaining criminal records, expungement would become a generally available remedy.

*United States v. Payne*, No. CR 64-145-FR, 1998 WL 426135, at * 2 (D. Ore. July 13, 1998).

Although defendant's stated reasons are compelling to her and are understandable, they do not, under the law, fall within the narrow jurisdiction of the federal courts to order expungement. Defendant's motion for expungement will be dismissed for lack of ancillary jurisdiction.


Dated:  December 18, 2007            /s/  Joseph G. Scoville
                                     United States Magistrate Judge